## Case No. 11,998.

### ROEMER v. SIMON et al.

[2 Ban. & A. 72.] 1

Circuit Court, D. New Jersey. April, 1875.

APPEAL—REQUEST TO SEND BACK.

1. After a case has been appealed from the circuit to the supreme court, it is not the proper practice to apply to the circuit court for a request to the supreme court to send the case back for a rehearing.

2. In such a case the application should be made to the supreme court, as that court is authorized by section 701 of the Revised Statutes, to affirm, modify, or reverse any decree of a circuit court, or to order such further proceedings to be had in the inferior court as the justice of the case may require.

[This was a bill in equity by William Roemer against Edward Simon and others.]

Arthur V. Briesen, for complainant.

F. H. Betts, for defendants.

NIXON, District Judge. This was a suit for an injunction and an account in a patent case, and the court, on final hearing, dismissed it, for the want of novelty in the complainaant's patent. [Case No. 11,997.]

An appeal was regularly taken to the supreme court, and is there pending. The complainant, since the appeal, has filed here a number of affidavits, showing that certain witnesses whose testimony tended to show prior use of the invention, claimed by him, were in fact mistaken at least one year in the date fixed by them, when they saw in use articles embodying the complainant's invention. On these affidavits he bases an application to the court, for a request to the supreme court, to send the case back for rehearing. The only authority, that the counsel for the complainant has shown for such a procedure is section 701 of the Revised Statutes of the United States.

A careful reading of that section will reveal the fact, that the complainant has applied to the wrong court for redress. It authorizes the supreme court to affirm, modify, or reverse any decree of a circuit court, or to order such further proceedings to be had in the inferior court as the justice of the case may require.

These affidavits should be laid before the supreme court, to be considered by them, in looking at the whole case, and if in their judgments they so modify the testimony of the witnesses, heard in the case, as to satisfy that court, that justice requires a rehearing upon the merits, it will doubtless make such order.

[NOTE. Motion was duly made to the supreme court to set aside the decree of the circuit court, and grant a rehearing. It was held that such application must be addressed to the circuit court. 91 U. S. 149.]

1 [Reported by Hubert A. Banning, Esq., and Henry Arden, Esq., and here reprinted by permission.]

[The decree of the circuit court in favor of defendants (Case No. 11,997) was affirmed by the supreme court (95 U. S. 214).]